IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
CIVIL ACTION

| | |
|---|---|
| CHERISE SMITH<br>17 Irwin Avenue<br>New Castle, DE  19720<br>    and<br>IAN SMITH<br>17 Irwin Avenue<br>New Castle, DE  19720<br><br>    vs.<br><br>TARGET CORPORATION<br>1000 Nicollet Mall<br>Minneapolis, MN  55403<br>    and<br>TARGET, INC.<br>1000 Nicollet Mall<br>Minneapolis, MN  55403<br>    and<br>TARGET BRANDS, INC.<br>1000 Nicollet Mall<br>Minneapolis, MN  55403 | CASE NO.<br><br>*Jury Trial Demanded* |

## COMPLAINT

AND NOW, come the Plaintiffs, by and through their attorney, Tyler Sacchetta, Esquire, and aver as follows:

1.   Federal jurisdiction in this matter is asserted pursuant to 28 U.S.C. §1332. Venue is properly laid within the United States District Court for the District of Delaware pursuant to 28 U.S.C. §1391(b).

## PARTIES

2. Plaintiff Cherise Smith ("Mrs. Smith") is an adult individual and a citizen of the State of Delaware residing at 17 Irwin Avenue, New Castle, Delaware 19720.

3. Plaintiff Ian Smith ("Mr. Smith") is an adult individual and a citizen of the State of Delaware residing at 17 Irwin Avenue, New Castle, Delaware 19720.

4. Defendant, Target Corporation, is a business corporation incorporated in the state of Minnesota with its principal place of business at 1000 Nicollet Mall Minneapolis, MN 55403 and a location at 1050 Brandywine Pkwy, Wilmington, DE 19803.

5. Defendant, Target Inc. ("Defendant"), is a business corporation incorporated in the state of Minnesota with its principal place of business at 1000 Nicollet Mall Minneapolis, MN 55403 and a location at 1050 Brandywine Pkwy, Wilmington, DE 19803.

6. Defendant, Target Brands, Inc. ("Defendant"), is a business corporation incorporated in the state of Minnesota with its principal place of business at 1000 Nicollet Mall Minneapolis, MN 55403 and a location at 1050 Brandywine Pkwy, Wilmington, DE 19803.

## FACTS

7. At all relevant times hereto, Defendants were in the exclusive possession, management and control of Target store #1146 located at 1050 Brandywine Pkwy, Wilmington, DE 19803.

8. At all relevant times hereto, Defendants were responsible for the maintenance of Target store #1146 located at 1050 Brandywine Pkwy, Wilmington DE 19803.

9. On or about May 21, 2016, Plaintiff, Mrs. Smith, was lawfully on the aforesaid premises as a business invitee, shopping at Target store #1146. At the aforesaid date and location, due to the negligence of the Defendants, their agents and/or employees, Mrs. Smith was caused to fall as a result of a defective condition of the premises, i.e. a foreign liquid substance/water caused to be and/or allowed to remain on the floor by Defendants causing an unreasonably dangerous condition to exist.

10. As a result of the Defendants' negligence, Mrs. Smith sustained severe personal injuries and other damages as more fully set forth below.

## FIRST CAUSE OF ACTION
### Negligence Claim of Cherise Smith

11. Plaintiff Cherise Smith incorporates herein all preceding paragraphs of this Complaint as though fully set forth at length.

12. The accident was caused exclusively and solely by the Defendants' negligence, in that:

   a. Defendants caused or permitted a foreign liquid substance/water to accumulate on the floor of the store;

   b. Defendants failed to make a reasonable inspection of the area, which would have revealed the dangerous condition created by the presence of water on the floor;

   c. Defendants failed to give warning of the dangerous condition created by the liquid substance on the floor, failed to erect barricades or to take any other safety precautions to prevent injury to the Plaintiff and others present;

   d. Defendants failed to remove liquid substance from the floor;

    e.    Defendants failed to exercise reasonable prudence and due care to keep the area in a safe condition for Plaintiff and other similarly invited patrons;

    f.    Defendants failed to enact, maintain and enforce policies and procedures directed at avoiding spills such as the one at issue;

    g.    Defendants failed to train or adequately train and supervise their employees; and

    h.    Defendants violated local and state ordinances pertaining to the maintenance of retail establishments; and

    i.    The Defendants were otherwise negligent under the circumstances.

13.    At all relevant times hereto, the Defendants acted through their employees, servant, and agents.

14.    The Defendants, through their employees, servants and agents, either had actual notice of the unsafe and dangerous condition of the floor and sufficient time to correct the dangerous situation, or the condition existed for so long a period of time prior to the occurrence that Defendants, in the exercise of due care, could and should have known of the unsafe and dangerous condition of the floor.

15.    The Defendants were in a better position and more likely to know about and discover this unreasonably dangerous condition with the exercise of due care then the Plaintiff.

16.    Mrs. Smith's injuries were caused by the negligence of the Defendants, their agents, and/or employees, who failed to use reasonable care to protect the Plaintiff and her injuries were in no way caused by the Plaintiff.

17. As a result of the aforesaid fall, Mrs. Smith suffered severe injuries, which included, but were not limited to left knee tear, left knee sprain/strain, other left knee pain and injuries, right knee sprain/strain, additional right knee pain and injuries, lumbosacral sprain/strain, herniated lumbar disc, radiculitis of the lumbosacral spine, left adnexal cyst, and injuries to the nerves and nervous system.

18. As a direct result of the aforesaid injuries, Plaintiff suffered severe shock to her nervous system, great physical pain, and mental anguish, all of which may continue for an indefinite period of time into the future.

19. As a result of her injuries, Mrs. Smith has undergone in the past and will in the future continue to undergo great pain and suffering.

20. As a result of her injuries, Mrs. Smith may have suffered a permanent disability and permanent impairment of her earning power and capacity.

21. As a result of her injuries, Mrs. Smith may have suffered a permanent diminution of her ability to enjoy life and life's pleasures.

22. As a result of her injuries, Mrs. Smith has incurred unreimbursed wage losses.

23. As a result of her injuries, Mrs. Smith may in the future incur medical expenses and income loss.

## SECOND CAUSE OF ACTION
### Loss of Consortium Claim of Ian Smith

24. Plaintiff Ian Smith incorporates herein all preceding paragraphs of this Complaint as though fully set forth at length.

25. As a result of the aforementioned injuries sustained by his wife, Plaintiff Cherise Smith, Plaintiff Ian Smith has been and may in the future be deprived of the care,

companionship, consortium, and society of his wife, all of which will be to his great detriment, and claim is made therefor.

WHEREFORE, Plaintiff Cherise Smith demands judgment against the Defendants in an amount in excess of $150,000.00 plus interest and costs, and Plaintiff Ian Smith demands judgment against the Defendants in an amount in excess of $150,000.00 plus interest and costs.

TYLER SACCHETTA, ESQUIRE
Attorney I.D. No. 6514
SACCHETTA & BALDINO
1201 N. Orange Street, Suite 7543
Wilmington, DE 19801-1186
(302) 884-6715
Attorney for Plaintiffs